**RICHARDSON et ux. v. HENDRICKS et al.**

No. 3659.

Court of Civil Appeals of Texas. El Paso.

Oct. 7, 1937.

Paul Moss, of Odessa, for appellants.

John L. Fowler, of Odessa, for appellees.

WALTHALL, Justice.

This case presents a suit by injunction to restrain a sale under execution of lot No. 7, block 84, S. Williams addition to the town of Odessa, Ector county, Texas.

The facts uncontroverted, briefly stated, are substantially as follows:

Prior to September 21, 1936, appellants, F. L. Richardson and wife, not owning said lot, and making no claim of ownership to said lot in this suit, erected on said lot a 6-room house, a 2-room house, and a 1-room house.

Appellants, claiming to own said buildings, rented said lot with the buildings thereon to appellees at a monthly rental of $25 per month; appellees, as renters, went upon said lot and occupied said improvements placed thereon by appellants. On September 1, 1936, and on September 21, 1936, appellees, while occupying said lot as above, purchased said lot from the owners, and, after said purchase, refused to further recognize appellants as landlord, and quit paying them rent. In the suit the judgment awarded appellants the houses on the lot, and $400 against appellees for rent on the houses. Appellees had one son who lived with his parents on the lot. Appellants had an execution issued and levied upon the lot to satisfy the judgment for the $400 due for the rent. The suit was tried without a jury. The trial court made no separate findings of fact, and in the judgment recites that he "finds that the premises (the lot) is now, and was at the time of the levy of the execution, the residence homestead of appellees, and not subject to 'forced sale'" under appellants' judgment for rent, and made appropriate orders as to the sheriff making the levy, and others joined as de-

**364**

fendant in the injunction suit to restrain the sale.

The record does not show an appeal by either party from the judgment awarding the ownership of the houses to appellants and judgment for $400 for the use and occupation of the improvements and buildings on the above-described lot.

 We do not concur in appellants' suggestion that a landlord's lien attached to the lot by reason of the rental contract on the houses on the lot. The record does not disclose a contract to that effect. The then owners of the lot were not parties to the rental contract. We know of no law or decision of the courts that fixes a landlord's lien on the lot simply by reason of the rental contract.

The only question presented here which we deem it necessary to discuss is whether the lot on which the houses are located and on which appellees are now residing, and have been residing for about two years, and which lot appellees are now asserting to be their residence homestead, is exempt from the levy and sale under the execution by reason of appellees' homestead claim.

It is the law, as suggested by appellants in their brief, that appellees may not, by reason of the rental contract, repudiate the title of the landlord to the rented premises. The premises embrace only the houses and not the lot owned or claimed to have been owned by the landlord. The record in this proceeding does not show that the appellees are claiming to own or to have any interest in the houses, or that the houses may not be removed from the lot.

On the trial of the case, the uncontroverted evidence showed that appellees owned the lot in question; that they were living in one of the houses on the lot and had been for about two years; they own no other real estate in this state or a home elsewhere; they bought the lot for a homestead; it was appellees' intention to live on the lot as a homestead when they bought it, and it is their present intention to continue living on it as a homestead; if the improvements are removed from the lot, it is appellees' intention "to have a business homestead on the lot and to live in the back"; appellees put the plumbing in the house, have their house furniture in the house on the lot; the buildings now on the lot are in appellees' way where they want to put their improvements.

Without further stating the facts testified to on the issue of the exemption of the lot from the levy and sale under execution, we think the evidence is sufficient to sustain the court's finding stated in the judgment, and to sustain the judgment.

The case is affirmed.

HIGGINS, J., not sitting.